IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID SCOTT ALBERS,              )
                                 )
              Petitioner,        )
                                 )
    v.                           )     Case No. 23-3037-JWL
                                 )
D. HUDSON, Warden, USP-Leavenworth, )
                                 )
              Respondent.        )
                                 )
_____)

## **MEMORANDUM AND ORDER**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he claims that he has not received certain credit toward his release date. For the reasons set forth below, the Court **denies** the petition.

In 2011, petitioner was convicted in the United States District Court for the Western District of Michigan of the offense of murder for hire in violation of 18 U.S.C. § 1858(a), and he was sentenced to a term of imprisonment of 120 months, to run consecutive to the sentence (9 to 30 years) for his state-court conviction for solicitation of murder. In March 2017, the Michigan Parole Board issued a notice granting parole to petitioner, with petitioner to be released on or about August 2, 2017. *See In re Albers*, 2019 WL 360748, at *1 (Mich. Ct. App. Jan. 29, 2019) (unpub. op.). Upon appeal by the state prosecutor, the circuit court reversed the parole decision; but on January 29, 2019, the Michigan Court of Appeals reversed the decision of the circuit court, reinstated the decision of the parole board, and remanded the case to the parole board for further action consistent with that

opinion. *See id.* Petitioner was officially paroled on April 17, 2019, and he was subsequently transferred to federal custody. The Bureau of Prisons (BOP) has calculated petitioner's 120-month federal sentence as beginning on April 17, 2019.

By the present petition, petitioner claims that the BOP has miscalculated his sentence by failing to give him credit for the period of time he spent in the custody of the Michigan Department of Corrections between July 17, 2017 (the date the prosecutor appealed the parole decision) and April 17, 2019. Petitioner argues that the BOP's refusal to give him credit for that period violates 18 U.S.C. § 3585(b). Respondent opposes the petition and argues that petitioner is not entitled to credit against his federal sentence for that period.

Habeas corpus review is available under Section 2241 if a prisoner is in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). Respondent agrees that petitioner's challenge to the calculation of his sentence by the BOP is properly asserted by petition pursuant to Section 2241. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (a prisoner who challenges the duration of his sentence must do so by petition for habeas corpus).

The parties further agree that petitioner's claim is governed by 18 § 3585(b), which provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
>
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*See id.* Petitioner argues that subsection (b)(2) entitles him to credit for the period beginning July 17, 2017, because, by virtue of his reinstated parole, the State of Michigan stopped crediting his state sentence on that date, and thus that time in detention was not "credited against another sentence."

The Court concludes, however, that petitioner has failed to show that that time in detention was not credited against his Michigan state-court sentence. As respondent notes, and contrary to the suggestion in petitioner's brief in support of his petition, the Michigan Court of Appeals did not reinstate petitioner's original parole date; rather, the court reinstated the *decision* of the parole board and remanded to the parole board for further action consistent with the opinion. Nor did the Michigan Parole Board reinstate the original parole date; instead, in its Order for Parole of March 14, 2019, the board ordered a parole date of April 17, 2019, with a term of parole of 15 months, expiring on July 17, 2020. A subsequent report of the Michigan Department of Corrections (MDOC) shows that petitioner was "paroled in custody" on April 17, 2019. These records – which petitioner

3

fails to address in his reply brief – thus belie petitioner's contention that Michigan authorities stopped crediting his state sentence in July 2017.

Indeed, another federal district court has already ruled that "[t]he BOP's determination that petitioner's state sentence ended on April 17, 2019, comports with [MDOC's] report, which indicates his state sentence ran until that date." *See Albers v. Adams*, 2022 WL 310137, at *4 (N.D. W. Va. Jan. 4, 2022), *report and recommendation adopted*, 2022 WL 304666 (N.D. W. Va. Feb. 1, 2022).[1]  Petitioner notes correctly that that court's ruling came in a different context, in which it reviewed for abuse of discretion the BOP's denial of petitioner's request for a *nunc pro tunc* designation for the period between August 2, 2017, and April 17, 2019.  *See id.*  Nevertheless, that federal court determined that, according to the records, Michigan authorities treated his state sentence as ending in April 2019, and this Court's review of the records leads to the same conclusion.

Petitioner also argues that he had not been able to submit to the West Virginia court a particular MDOC record, which he has submitted in support of the present petition.  That record, however, does not show that MDOC deemed petitioner's state sentence to have ended on July 27, 2017, as petitioner now argues.  The document lists dates of July 27, 2017, and July 27, 2038, which (as respondent points out) correspond to the minimum and maximum terms of imprisonment (9 to 30 years) imposed in the state sentence, calculated

---

[1] That court had jurisdiction in that case because petitioner was imprisoned within that West Virginia district at the time he filed the Section 2241 petition at issue there.  He was subsequently transferred to another prison, however, and this Court has jurisdiction over the present petition because petitioner was imprisoned in Kansas at the time of its filing.

4

from the offense date (as noted in the record) of July 28, 2008. Thus, the record does not support any conclusion concerning the date on which MDOC considers the state sentence to have ended. In fact, the different MDOC report referenced above shows a parole date of April 17, 2019. Moreover, the Michigan Parole Board's Order of Parole, issued after remand from the Michigan Court of Appeals, set a parole date of April 17, 2019, with a parole term of 15 months ending on July 17, 2020. Notably, the parole board did not award any credit toward petitioner's parole term for the period during the pendency of the prosecutor's ultimately unsuccessful appeal.

Therefore, the records of the Michigan authorities do not show that they stopped crediting time against petitioner's state sentence beginning in July 2017, but rather the records show that that sentence was not completed until April 2019; and thus petitioner has not shown that the BOP has violated Section 3585(b) by failing to give him credit for time in detention that was not credited against his other sentence. Accordingly, petitioner has failed to show an entitlement to habeas relief under Section 2241.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 12th day of April, 2023, in Kansas City, Kansas.

      /s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge