IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID SCOTT ALBERS,                )
                                   )
              Petitioner,           )
                                   )
v.                                 )   Case No. 23-3037-JWL
                                   )
D. HUDSON, Warden, USP-Leavenworth, )
                                   )
              Respondent.           )
                                   )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner's motion for reconsideration of the denial of his petition for habeas relief under 28 U.S.C. § 2241 (Doc. # 11).  For the reasons set forth below, the Court **denies** the motion.

On April 12, 2023, the Court issued a Memorandum and Order denying the Section 2241 petition, *see Albers v. Hudson*, 2023 WL 3325442 (D. Kan. Apr. 12, 2023) (Lungstrum, J.), and judgment was entered against petitioner.  Petitioner then filed a "Motion to Expand the Record" to "allow time to file reconsideration in the matter before the court" based on newly-discovered evidence.  On April 21, 2023, the Court denied without prejudice the request to submit additional evidence, as petitioner had not identified the newly-discovered evidence on which he intended to rely; the Court stated that if petitioner submitted new evidence, the Court would consider whether such evidence would be properly considered and whether reconsideration of the denial would then be appropriate.  The Court further denied without prejudice the request for an indefinite

extension of the May 10 deadline under Fed. R. Civ. P. 59(e) for a motion to amend or alter the judgment.

On May 10, 2023, petitioner filed the instant motion for reconsideration. A motion to alter or amend a judgment may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *See Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend a judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *See Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

In denying the petition, the Court rejected petitioner's argument that the State of Michigan had stopped crediting his state sentence in 2017 when he was originally granted parole. *See Albers*, 2023 WL 3325442, at *2. The Court cited multiple records from Michigan authorities showing that petitioner's parole did not actually begin until 2019 (after the circuit court's reversal of the parole decision was itself reversed by the Michigan Court of Appeals), and that he therefore was not entitled to credit against his federal sentence. *See id.* In seeking reconsideration, petitioner appears to rely on a new argument that when the prosecutor appealed the original grant of parole in 2017, the Michigan circuit

2

court issued a "stay of proceeding," which would have stopped any time from being credited again his Michigan state sentence. The Court rejects this argument.

First, petitioner is not entitled to make new arguments at this stage, and petitioner could have raised this argument in his petition or in his reply brief prior to judgment. Petitioner has not supported this new argument with any new evidence (as he suggested he would in his motion to expand the record) that was not available to him before he filed his petition.

Second, petitioner has not shown that any Michigan court ordered that petitioner's time in prison should not be counted against his Michigan state sentence. There is no evidence that the Michigan circuit court stayed all proceedings; rather, as described by the Michigan Court of Appeals, the circuit court granted the prosecutor's motion to stay the release of petitioner. *See In re Albers*, 2019 WL 360748, at \*1 (Mich. Ct. App. Jan. 29, 2019) (unpub. op.). The circuit court record also shows that the prosecutor filed an "emergency motion for stay of parole release" and that the court issued an opinion and order granting the "motion for stay of parole release." Thus, only petitioner's release was stayed, and the records from the State of Michigan remain consistent in showing that petitioner's parole was actually effected in 2019. Therefore, there is no basis for this Court to reconsider its conclusion that the subject period of petitioner's incarceration was credited against his Michigan state sentence and thus should not be credited against this federal sentence.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion for reconsideration (Doc. # 11) is hereby **denied**.

IT IS SO ORDERED.

Dated this 16th day of May, 2023, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge